PEOPLE v CASTILLO

Docket No. 200254. Submitted June 10, 1998, at Lansing. Decided June 23, 1998, at 9:20 A.M.

    David I. Castillo was convicted by a jury in the Lapeer Circuit Court, Nick O. Holowka, J., of assault with intent to do great bodily harm less than murder and was sentenced to four to ten years of imprisonment, an upward departure from the zero- to two-year minimum term recommended under the Michigan Sentencing Guidelines. The defendant appealed.

    The Court of Appeals *held*:

    1. The trial court did not abuse its discretion in admitting as demonstrative evidence a padlock that the prosecution alleged was similar to that which the defendant used to strike the victim on his head and from behind, causing skull fracture, concussion, and blood clotting. There was substantial evidence attesting to the similarity of the exhibit to the weapon allegedly used, there was no reasonable likelihood that the jury might have failed to understand the demonstrative nature of the evidence, and the defendant had ample opportunity for cross-examination regarding the demonstrative weapon. The disputed evidence also satisfied general principles governing the admissibility of evidence, having been relevant, probative, and not prejudicial.

    2. The trial court did not abuse its discretion in departing from the sentencing guidelines. The sentence imposed is proportionate in light of the stated reasons for departing from the guidelines, i.e., the sentencing guidelines did not address adequately the attack-from-behind nature of the crime and the severity of the crime.

    Affirmed.

1. EVIDENCE — DEMONSTRATIVE EVIDENCE — WEAPONS.

    A weapon similar to one allegedly used in the commission of a crime may be admitted as demonstrative evidence where substantial evidence attests to the similarity of the exhibit offered and the weapon allegedly used, there is no reasonable likelihood that the jury may fail to understand the demonstrative nature of the evidence, and the opposing party has ample opportunity for cross-examination regarding the demonstrative weapon; such evidence

must also be relevant, probative, and not prejudicial (MRE 401-403).

2. SENTENCES — SENTENCING GUIDELINES — DEPARTURES.

A sentencing court may justify imposing a sentence whose minimum term exceeds that which is recommended under the sentencing guidelines by referring to factors inadequately weighed within the guidelines, as well as by introducing legitimate factors not considered by the guidelines.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Justus C. Scott,* Prosecuting Attorney, and *Timothy M. Turkelson,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Lyle N. Marshall*), for the defendant on appeal.

Before: JANSEN, P.J., and MARKEY and O'CONNELL, JJ.

O'CONNELL, J. Defendant appeals as of right from his jury conviction and sentence for assault with intent to do great bodily harm less than murder. MCL 750.84; MSA 28.279. Defendant, a seventeen-year-old high school student at the time of the underlying offense, was sentenced to four to ten years' imprisonment. We affirm.

This case arises from an incident between defendant and his victim on December 5, 1995. At the time both were high school students. Earlier incidents at their school had left the two feeling mutual animosity. The victim testified that he was standing on the street, unaware that defendant was approaching, when defendant struck him from behind. Defendant admitted striking the victim, but insisted that he did so with only his bare hand. The prosecution presented evidence that defendant struck the fifteen-year-old victim forcefully with a blunt object. The vic-

tim was rushed to the hospital by ambulance and helicopter and was treated for skull fracture, concussion, and blood clotting.

Defendant first argues that the trial court improperly admitted into evidence a padlock that the prosecution offered to demonstrate the kind of weapon it theorized was used in the assault. Defendant asserts that the prejudicial effect of that evidence outweighed its probative value because no witness actually saw a padlock in defendant's hand at the time of the assault. We disagree.

We review a trial court's determination to admit evidence for an abuse of discretion. *People v Hoffman*, 225 Mich App 103, 104; 570 NW2d 146 (1997). Demonstrative evidence, including physical objects alleged to be similar to those involved in the incident at issue, is admissible where it may aid the fact finder in reaching a conclusion on a matter material to the case. See *People v Howard*, 391 Mich 597, 602-603; 218 NW2d 20 (1974); *People v Gunter*, 76 Mich App 483, 493-494; 257 NW2d 133 (1977). As with all evidence, to be admissible, the demonstrative evidence offered must satisfy traditional requirements for relevance and probative value in light of policy considerations for advancing the administration of justice. See MRE 401-403; 23 CJS, Criminal Law, § 846, p 37. Beyond general principles of admissibility, the case law of this state has established no specific criteria for reviewing the propriety of a trial court's decision to admit demonstrative evidence. However, we find persuasive, and adopt for this state's jurisprudence, a test espoused by the Supreme Court of Missouri: A weapon similar to one allegedly used in the commission of a crime may be admitted as demonstrative evi-

dence where substantial evidence attests to the similarity of the exhibit offered to the weapon allegedly used, there is no reasonable likelihood that the jury may fail to understand the demonstrative nature of the evidence, and the opposing party has ample opportunity for cross-examination regarding the demonstrative weapon. *State v Carter*, 955 SW2d 548, 561 (Mo, 1997).[1] Our analysis of the admission of the demonstrative evidence in the present case, under these three elements plus general principles of admissibility, reveals no abuse of discretion.

Concerning the first element, one witness testified that she saw "a silver-gray" and "shiny" object in defendant's hand. Upon being shown the demonstration padlock, the witness testified that it was similar, though of different color, to what she observed in defendant's hand as he struck his victim. Further, other witnesses testified to hearing a "popping" sound as defendant struck the victim, that evidence comporting with the theory that defendant struck the victim with a padlock and tending to refute defendant's position that he struck with his bare hand. Additionally, the victim testified that he had seen defendant carrying a padlock, wrapping it around his finger like a ring. This evidence satisfies the requirement of a substantial evidentiary basis for likening the padlock in evidence to the alleged instrumentality of the crime.

---

[1] The Missouri court listed a fourth element, that "the demonstration is probative of a material issue in the case," *Carter, supra,* but because that element falls under general principles of admissibility, see MRE 401, we decline to restate it here in connection specifically with demonstrative evidence.

With regard to the second element, there was no attempt to deceive the jury regarding the demonstrative nature of the padlock in evidence. The prosecution made plain before the jury that the exhibit was neither present at the assault nor otherwise actually associated with defendant. With regard to the third element, defendant had ample opportunity and did, in fact, cross-examine the eyewitness who likened the demonstration padlock to the weapon she saw at the assault concerning her observations, and defendant further elicited statements from other witnesses that they detected no weapon in defendant's hands when he assaulted the victim. Especially because the defense had every opportunity to highlight for the (jury what the prosecution readily acknowledged that the padlock in evidence was merely for demonstration purposes), there is no reasonable likelihood that the jury misapprehended the demonstrative nature of that evidence.

Nor did the evidence at issue run afoul of general principles of admissibility. The demonstration padlock was clearly probative of issues material to this case. The exhibit illustrated the prosecution's theory regarding the instrumentality of the crime, defendant's assaultive intent, and defendant's practice of wearing a padlock as if it were a ring. Further, the padlock demonstrated the congruence between the prosecution's theory of how the crime was committed and the evidence concerning the extent and nature of the victim's injuries. Defendant alleges no unfair prejudicial effect from admission of the evidence other than to assert that the mere presence of the demonstration padlock as an exhibit caused the jury to equate the padlock with the crime. However, because

defendant seized every opportunity to elicit testimony that raised all reasonable doubts regarding the connection between the exhibit and assault in question, any unfair prejudice defendant may have suffered from admission of the demonstrative evidence was certainly not sufficient to outweigh substantially the probative value of the evidence. MRE 403. For these reasons, the evidence in question satisfied the general requirements for relevance and probative value as balanced against prejudicial effect.

Defendant's remaining argument on appeal is that the trial court erred in imposing a sentence of four to ten years' imprisonment, while the Michigan Sentencing Guidelines recommended a sentence within the range of zero to two years' imprisonment. Defendant argues that the trial court failed to justify this departure because its stated reasons were either already embodied within the guidelines, were factors considered in every case at sentencing, or were simply irrelevant to sentencing. We disagree.

A trial court's imposition of a particular sentence is reviewed on appeal for an abuse of discretion, which will be found where the sentence imposed does not reasonably reflect the seriousness of the circumstances surrounding the offense and the offender. *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990).

Although a trial court enjoys considerable latitude when deciding on a sentence, a sentence must be proportionate to the seriousness of the crime. *Id.* at 650. A court upwardly departing from the sentencing guidelines must place its reasons for doing so on the record at the time of sentencing. *People v Fleming*, 428 Mich 408, 417-418; 410 NW2d 266 (1987). The

crucial test for proportionality is not whether the sentence departs from, or adheres to, the recommended range under the sentencing guidelines, but whether it reflects the seriousness of the matter. *People v Houston*, 448 Mich 312, 319; 532 NW2d 508 (1995). A court may justify an upward departure by reference to factors considered, but adjudged inadequately weighed, within the guidelines, as well as by introducing legitimate factors not considered by the guidelines. See *People v Granderson*, 212 Mich App 673, 680-681; 538 NW2d 471 (1995). A sentence outside the recommended range that is imposed without reference to legitimate factors not adequately considered by the guidelines may be disproportionate. *Houston, supra* at 320.

The trial court placed its reasons for its upward departure on the record: (1) The cowardly nature of the assault, (2) the lack of any immediate confrontation prompting the assault, (3) the victim's lack of opportunity to defend himself, (4) the victim's lack of opportunity to avoid the assault, (5) the viciousness of the assault, (6) the boldness of the assault, taking place in broad daylight on a public street, (7) defendant's having abandoned the victim, leaving him unconscious on the street, and (8) the seriousness of the resulting injury. The court's reasons all concern the nature and severity of the crime, both of which are indisputably valid, indeed essential, sentencing considerations. *People v Ross*, 145 Mich App 483, 495; 378 NW2d 517 (1985).

The trial court properly observed that the sentencing guidelines did not properly address the attack-from-behind nature of the crime. This consideration receives some attention within Offense Variable (OV) 7

of the sentencing guidelines, which addresses offender exploitation of victim vulnerability. Michigan Sentencing Guidelines, 2d ed, p 27 (1988). However, this variable does not include among its listed concerns the launching of a surprise attack. Thus, the trial court properly considered the nature of the crime in a way not fully addressed in the guidelines.

Regarding the severity of the crime, this too receives some attention within the guidelines. OV 2 covers physical attack or injury, and OV 13 covers psychological injury. *Id.* at pp 26, 27. However, the trial court specifically noted that the guidelines did not adequately reflect the severity of the instant crime. The court heavily weighed the fact that the victim's injuries were nearly fatal, the result of defendant's blow to a particularly vulnerable area of the head. This evidenced not only that defendant intended to do great bodily harm, but also that defendant acted with an unusually malevolent frame of mind. The trial court did not abuse its discretion in finding that the sentencing guidelines were not sufficient under the circumstances presented by this case.

Affirmed.

MARKEY, J., concurred.

JANSEN, P.J. I concur in the result only.