# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

ANTHONY KEITH WILLIAMS,

       Defendant-Appellant.

UNPUBLISHED
February 23, 2016

No. 324005
Wayne Circuit Court
LC No. 10-012811-FC

Before: GLEICHER, P.J., and JANSEN and SHAPIRO, JJ.

PER CURIAM.

Defendant was convicted, after a jury trial, of two counts of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1), and one count of kidnapping, MCL 750.349. He was sentenced as a second habitual offender, MCL 769.10, to serve 100 to 200 months' imprisonment for kidnapping, and 200 to 300 months' imprisonment for each CSC-I conviction. At the sentencing hearing, the trial court stated that the CSC-I convictions were to be served consecutive to the kidnapping conviction; however, the judgment of sentence and an amended judgment of sentence stated that the sentences were to be served concurrently. Defendant appealed his conviction and sentence, and we affirmed his convictions, but vacated his sentences and remanded for resentencing because prior record variables (PRVs) 2 and 5 and offense variable (OV) 12 were improperly scored.[1]

On resentencing, the trial court again sentenced defendant to 100 to 200 months' imprisonment for kidnapping, and 200 to 300 months' imprisonment for each CSC-I conviction. Further, at the prosecution's request and after confirming that it originally stated the sentences were to be consecutive, the trial court ordered that defendant's kidnapping sentence was to be served consecutive to his CSC-I convictions. Defendant now appeals as of right. For the reasons set forth in this opinion, we affirm defendant's convictions; however, we order a *Crosby*[2] remand pursuant to *People v Lockridge*, 498 Mich 358, 392; 870 NW2d 502 (2015).

---

[1] *People v Williams*, unpublished opinion per curiam of the Court of Appeals, issued October 18, 2012 (Docket No. 305348), p 5.

[2] *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

-1-

Defendant first argues that the trial court erred in assessing ten points for OV 4. In support, defendant asserts that, at trial and in the 2014 updated presentence investigative report (PSIR), there was no indication that the victim sustained serious psychological harm or that she needed psychological treatment. We disagree.[3]

OV 4 addresses psychological injury to the victim. MCL 777.34. A score of ten points is appropriate if a "[s]erious psychological injury requiring professional treatment occurred to a victim." MCL 777.34(1)(a). "In making this determination, the fact that treatment has not been sought is not conclusive." MCL 777.34(2). Here, defendant concedes that in the original PSIR the victim stated that she saw a therapist after the incident and lost her federal aid because she was scared of leaving her home. Review of the trial testimony also shows that the victim testified that she was scared and upset when defendant threatened her with a gun and a knife while forcibly raping her. Defendant's contention that the victim had to make a statement to that effect in the updated PSIR is without merit. A preponderance of the evidence supports a finding that because of defendant's actions, the victim sustained a serious psychological injury requiring professional treatment. Accordingly, the trial court did not err in scoring OV 4 at ten points.

However, defendant also argues that he is entitled to resentencing because, in violation of *Alleyne v United States*, 570 US ___; 133 S Ct 2151; 186 L Ed 2d 314 (2013), the trial court engaged in impermissible judicial fact-finding when it scored OVs 3 and 4. We agree.

In *Lockridge*, our Supreme Court held that Michigan's sentencing guidelines are constitutionally deficient to the extent that "the guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range, i.e. the 'mandatory minimum' sentence under *Alleyne*." *Lockridge*, 498 Mich at 364 (emphasis in original). To remedy this violation, the Court held that a guidelines range calculated in violation of *Alleyne* is advisory only. *Id*. at 365.

In order to score five points under OV 3, the victim must sustain a bodily injury not requiring medical treatment. MCL 777.33(1)(e). Further, in order to score ten points under OV 4, the victim must sustain a serious psychological injury requiring professional treatment. MCL 777.34(1)(a). Defendant was convicted of two counts of CSC-I and one count of kidnapping. In order to convict defendant of CSC-I, the jury had to find beyond a reasonable doubt that defendant engaged in sexual penetration with the victim and that the penetration occurred "under circumstances involving the commission of any other felony," MCL 750.520b(c), and that defendant was "armed with a weapon or any article used or fashioned in a manner to lead the

---

[3] Under the sentencing guidelines, this Court reviews a trial court's factual determinations for clear error, *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013), which exists if this Court is "definitely and firmly convinced that [the sentencing court] made a mistake" after reviewing the entire lower court record, *People v Armstrong*, 305 Mich App 230, 242; 851 NW2d 856 (2014).

victim to reasonably believe it to be a weapon." MCL 750.520b(e).[4] In order to convict defendant of kidnapping, the jury had to find beyond a reasonable doubt that defendant knowingly restrained the victim with the intent to engage in criminal sexual penetration with her. MCL 750.349(c). Because a physical injury to the victim not requiring medical treatment or a psychological injury to the victim requiring professional treatment are not elements of any of the crimes defendant was convicted of, the facts necessary to support a score of five points under OV 3 and ten points under OV 4 were not found beyond a reasonable doubt by the jury. Moreover, although defendant testified in this case, he did not admit to causing the victim's physical or psychological injuries. Accordingly, the trial court necessarily engaged in judicial fact-finding when it scored OVs 3 and 4.

The *Lockridge* Court held that

> all defendants (1) who can demonstrate that their guidelines minimum sentence range was actually constrained by the violation of the Sixth Amendment and (2) whose sentences were not subject to an upward departure can establish a threshold showing of the potential for plain error sufficient to warrant a remand to the trial court for further inquiry. [*Lockridge*, 498 Mich at 395.]

Here, defendant received a total of 80 OV points, placing him in OV Level V (80 to 99 points) on the applicable sentencing grid with a guidelines range of 126 to 210 months. MCL 777.62. Deducting the 15 points scored pursuant to judicial fact-finding, defendant's OV score is 65 points, which is in OV Level IV (60 to 79 points) and would result in a guidelines range of 108 to 180 months. Accordingly, because defendant's sentence was actually constrained by improper judicial fact-finding, a *Crosby* remand consistent with the procedure described in *Lockridge* is required. *Lockridge*, 498 Mich at 398-399.[5]

Defendant next argues that the trial court vindictively sentenced him to consecutive sentences on resentencing. He argues that because his prison behavior was exemplary, the only

---

[4] Defendant was charged with CSC-I under subsections (c) and (e) of MCL 750.520b. Had he been charged under subsection (f) or subsection (g), then the jury's verdict would include a finding beyond a reasonable doubt that defendant injured the victim.

[5] Defendant also argues that defense counsel was ineffective for failing to object to the trial court's judicial fact-finding. However, at the time of resentencing, the trial court was bound by *People v Herron*, 303 Mich App 392; 845 NW2d 533 (2013), overruled in *Lockridge*, 498 Mich 358, which held that the legislative sentencing guideline were not unconstitutional because of judicial fact-finding affecting a defendant's minimum sentence. Defense counsel is not ineffective for failing to raise a meritless objection. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

basis for imposing a consecutive sentence on resentencing was to punish him for exercising his right to appeal. We disagree.[6]

"It is a violation of due process to punish a person for asserting a protected statutory or constitutional right." *People v Ryan*, 451 Mich 30, 35; 545 NW2d 612 (1996). "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort[.]" *Id.* at 36, quoting *Bordenkircher v Hayes*, 434 US 357, 363; 98 S Ct 663; 54 L Ed 2d 604 (1978). "When a defendant is resentenced by the same judge and the second sentence is longer than the first, there is a presumption of vindictiveness. That presumption may be overcome if the trial court enunciates reasons for doing so at resentencing." *People v Lyons (After Remand)*, 222 Mich App 319, 323; 564 NW2d 114 (1997) (citations omitted).

At defendant's original sentencing defendant was sentenced to 100 to 200 months' imprisonment for kidnapping, and 200 to 300 months' imprisonment for each CSC-I conviction. The judge announced on the record that the 100 to 200 month kidnapping sentence was consecutive to his other sentences, but the judgment of sentence did not reflect the court's oral ruling. On resentencing, defendant was sentenced to the same terms of 100 to 200 months' imprisonment for kidnapping, and 200 to 300 months' imprisonment for each CSC-I conviction, and the trial court corrected the discrepancy between its oral ruling and the judgment of sentence by making the kidnapping sentence consecutive to the CSC-I sentences. Accordingly, the presumption of vindictiveness is overcome by the fact that the consecutive sentence is the result of the trial court correcting an error in its previous written judgment.[7]

We affirm the trial court's decision to impose a consecutive sentence, but remand for further proceedings consistent with *Lockridge*. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Kathleen Jansen
/s/ Douglas B. Shapiro

---

[6] A trial court's sentencing decisions are reviewed for an abuse of discretion. *People v Castillo*, 230 Mich App 442, 447; 584 NW2d 606 (1998).

[7] Defendant correctly points out that a trial court speaks through its written orders. *People v Davie (After Remand)*, 225 Mich App 592, 600; 571 NW2d 229 (1997). However, the court's original oral ruling is nevertheless sufficient to overcome the presumption of vindictiveness because it is clear that the trial court originally contemplated imposing a consecutive sentence.