COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TATUM MICHAEL COLE,

Defendant-Appellant.

UNPUBLISHED
May 22, 2018

No. 339570
Ingham Circuit Court
LC No. 16-000944-FC

Before: MURRAY, C.J., and SERVITTO and BOONSTRA , JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of involuntary manslaughter, MCL 750.321, and second-degree child abuse, MCL 750.136b(3). Defendant was sentenced to 120 to 180 months' imprisonment for the involuntary manslaughter conviction, and to a concurrent term of 80 to 120 months' imprisonment for the second-degree child abuse conviction. Defendant appeals as of right, challenging only his sentences. We affirm.

Defendant first argues that he should not have been assessed 10 points for offense variable (OV) 10 because he did not exploit the victim for selfish or unethical purposes or abuse his authority status. Defendant waived this issue by expressly agreeing at sentencing that OV 10 was scored properly. See *People v Biddles*, 316 Mich App 148, 166; 896 NW2d 461 (2016); *People v Hershey*, 303 Mich App 330, 349; 844 NW2d 127 (2013). Preservation is generally required to facilitate appellate review "in order to discourage counsel from harboring error as an appellate parachute[.]" *Hershey*, 303 Mich App at 349, citing *People v Carter*, 462 Mich 206, 214; 612 NW2d 144 (2000). At sentencing, the prosecution requested corrections to the assessments of OV 6 and OV 19. The trial court later expressly asked defense counsel if he was satisfied that the guidelines scores were accurate, and defense counsel agreed that no other changes needed to be made to the assessment of the OVs under the sentencing guidelines. Accordingly, this is not a case in which the defendant missed the first opportunity to challenge assessment errors because the trial court failed to inquire as to the parties' positions on the matter. *Hershey*, 303 Mich App at 353. Rather, defendant expressly stated his satisfaction with

-1-

the trial court's assessments on the record. See *id*. at 354. Accordingly, defendant has waived the issue. See *id*. at 350-354.[1]

Defendant next argues that the trial court violated the principle of proportionality when it departed upward from the sentencing guidelines range. Specifically, defendant argues that the nature of his offense was already taken into account by the guidelines and the trial court did not take notice that this was defendant's first offense. Because of these perceived deficiencies, defendant argues, the trial court did not provide an adequate basis for the departure.

This Court reviews an upward departure from the sentencing guidelines range for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017) (*Steanhouse II*). A sentence is unreasonable—and therefore an abuse of discretion—if the trial court failed to adhere to the principle of proportionality in imposing its sentence on a defendant. *Id*. at 477, citing *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). That is, sentences imposed by trial courts must be proportionate to the seriousness of the circumstances surrounding the crime and the defendant. *Milbourn*, 435 Mich at 636. The Michigan Supreme Court further explained:

> [A] judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense *and the background of the offender*. [*Milbourn*, 435 Mich at 651 (emphasis added).]

Defendant primarily argues that the trial court failed to take his background into account prior to imposing its sentence. The record does not support this contention. At sentencing, defense counsel stated:

> [The prosecution] talked about factors that would increase his sentence but I'd ask the court to remember also that at the time Mr. Cole was only 21 years old; that his background is a background that was filled with less than optimum child care as a child from a young age, and the fact that he turned out as well as he did is really an testament to his grandmother and his family, but not to his parents, and so I'd ask the court to take those things into consideration as you decide the sentence on these the matters.

---

[1] In any event, the trial court properly scored OV 10 at 10 points. Evidence showed that defendant used his status as the victim's father to control the vulnerable victim and to keep others from helping her.

I think we're all affected by the death of this child but I ask the court to remember his youth, to remember that during this process there has been some— at least in my view, some signs of maturation, and I'd ask that the court sentence him to no more than the guidelines.

The trial court heard defendant speak on his own behalf, explaining his lack of tears at sentencing by stating that he learned at a young age not to cry in front of people he was not acquainted with. Before handing down the sentence, the trial court responded:

Your attorney, as always, artfully speaks on behalf of his clients and he talked about your young age. Well, you're old enough to have a child, then you're old enough to care for that child, and your upbringing is not an excuse to kill your child.

Defendant's troubled youth was discussed in the presentence investigation report (PSIR), and the trial court was apprised of defendant's past at sentencing. Further, the trial court expressly referenced defendant's age and upbringing before sentencing him. Therefore, defendant's contention is meritless.

Defendant further contends that the nature of the offense was already accounted for in the guidelines and that his sentence was not proportional to his crime. In determining whether to impose a departure sentence, factors that may be considered include, but are not limited to:

(1) the seriousness of the offense; (2) factors that were inadequately considered by the guidelines; and (3) factors not considered by the guidelines, such as the relationship between the victim and the aggressor, the defendant's misconduct while in custody, the defendant's expressions of remorse, and the defendant's potential for rehabilitation. [*People v Steanhouse*, 313 Mich App 1, 46; 880 NW2d 297 (2015) (*Steanhouse I*), aff'd in part and rev'd in part on other grounds 500 Mich 453 (2017) (citations omitted).]

Even when a trial court's reasons justifying a departure are all given some degree of consideration in the guidelines, an upward departure may be warranted. *People v Castillo*, 230 Mich App 442, 447-449; 584 NW2d 606 (1998). Factual distinctions can justify upward departures when the trial court feels that the guidelines do not adequately account for the offenses at bar. See *People v Walden*, 319 Mich App 344, 353-354; 901 NW2d 142 (2017).

In this case, the trial court stated:

Well, sir, when your child was crying you did nothing. Absolutely nothing. Your roommates were more concerned than you were about your child. Your roommates picked up your child. Your roommates tried to comfort your child. Your roommates were there [sic] more concerned about why weren't [sic] you helping your child and they didn't feel they should interfere. I heard the testimony. It was very difficult to listen to, and I listen to a lot of testimony, but when I saw your beautiful daughter on the screen, I don't know how you could ignore her cries for help.

We all must speak on behalf of those who cannot speak for themselves and that is your responsibility when you become a parent. If you didn't want a child, wear a condom. Don't have sex.

Your attorney, as always, artfully speaks on behalf of his clients and he talked about your young age. Well, you're old enough to have a child, then you're old enough to care for that child, and your upbringing is not an excuse to kill your child. You failed to speak on behalf of your daughter. You failed to listen to her cries. You failed to protect her. In fact, you took her distress and you made it worse and worse and worse until you killed her. The only remorse, sir, that you have is for yourself that you will be locked away and taken from your own family[.]

Sorry for yourself. Sorry doesn't bring Ava back. Sorry doesn't allow the mother to hold and comfort her child. Your tears were for yourself, sir.

OV 10 accounts for the exploitation of vulnerable victims on the basis of age or domestic relationship. See MCL 777.40(1)(b). However, it does not adequately account for the particularly egregious act of shaking one's infant child and hurling her to the floor. Further, while the 10 points defendant was assessed under OV 19 (interference with the administration of justice), MCL 777.49(c), at least partially accounted for defendant's behavior in attempting to hide evidence of drug and alcohol abuse from the police, it did not adequately weigh the fact that defendant's child lay dying as he did so, or that he actively attempted to hinder his roommates from providing aid to the helpless infant. Finally, defendant's apparent lack of remorse for his actions is a factor weighing in favor of departure. See *Steanhouse I*, 313 Mich App at 46.

The trial court articulated numerous factors in rendering the sentence, each of which were permissible under caselaw. And, as noted, the trial court was aware of defendant's background prior to sentencing. Accordingly, we reject defendant's specific challenge to his sentence.[2]

Affirmed.

/s/ Christopher M. Murray
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra

---

[2] Defendant does not argue that the trial court failed to explain why this particular sentence was more proportionate to defendant and the crime than the recommended sentence under the advisory guidelines.