PEOPLE v BULMER

Docket No. 236554. Submitted January 14, 2003, at Lansing. Decided January 24, 2003; approved for publication March 25, 2003, at 9:05 A.M.

Travis A. Bulmer was convicted by a jury in the Eaton Circuit Court, Thomas S. Eveland, J., of second-degree murder. He appealed, alleging several errors, including the admission in evidence of a computer-animated, slideshow simulation of the shaken-baby syndrome.

The Court of Appeals *held*:

1. The defendant failed to show plain error that affected his substantial rights with regard to the slideshow simulation. The alleged error was not preserved because the ground asserted in the trial court in objection to the evidence is different than the grounds asserted on appeal. The defendant failed to show prejudice to the extent that the outcome of the lower-court proceedings was affected.

2. Sufficient evidence was presented from which the jury could infer that the element of malice was proved.

Affirmed.

EVIDENCE — DEMONSTRATIVE EVIDENCE.

Demonstrative evidence that is relevant and probative is admissible when it aids the fact-finder in reaching a conclusion on a matter that is material to the case; there need not be an exact replication of the circumstances of an event when demonstrative evidence is offered as an aid to illustrate an expert's testimony regarding issues related to the event and where the evidence is not offered in an effort to recreate the event.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Jeffrey L. Sauter*, Prosecuting Attorney, and *William M. Worden*, Senior Assistant Prosecuting Attorney, for the people.

*Birch, Mowry & Associates, P.C.* (by *Kenneth A. Birch*), for the defendant on appeal.

Before: O'CONNELL, P.J., and GRIFFIN and MARKEY, JJ.

PER CURIAM. Defendant appeals by right his conviction of second-degree murder, MCL 750.317. Defendant was sentenced to seven to fifteen years' imprisonment. We affirm.

Defendant argues that the trial court improperly allowed the prosecutor to admit into evidence a computer-animated, slideshow simulation of the shaken-baby syndrome without proper foundation and because it served to inflame and prejudice the jury. We disagree. The trial court's decision regarding the admission of evidence is reviewed for an abuse of discretion. *People v Starr*, 457 Mich 490, 494; 577 NW2d 673 (1998). An abuse of discretion is found only if an unprejudiced person, considering the facts on which the trial court acted, would say that there was no justification or excuse for the ruling. *People v Snider*, 239 Mich App 393, 419; 608 NW2d 502 (2000).

In this case, the prosecutor offered the slideshow simulation solely as demonstrative evidence pursuant to MRE 702 and 703 to explain what happens to the baby's brain during a shaken-baby episode. The prosecutor stated that the simulation served as a basis for the opinion of Dr. Joyce DeJong, the prosecution's expert witness, and that it was not intended to be an exhibit that would be introduced into evidence at trial. Defendant objected, not on the grounds raised on appeal, but rather on the ground that he had reviewed the slideshow just before trial and had not had time to have other medical experts review it. Defendant cited MCR 6.201(A)(2) and (3) regarding discovery and argued that he should have received the slideshow before trial. The trial court found MCR 6.201(A)(2) and (3) inapplicable. As the prosecutor

points out, an objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground. *People v Asevedo*, 217 Mich App 393, 398; 551 NW2d 478 (1996). When reviewing an unpreserved error, the defendant must show a plain error that affected substantial rights. *People v Carines*, 460 Mich 750, 763, 774; 597 NW2d 130 (1999).

Demonstrative evidence is admissible when it aids the fact-finder in reaching a conclusion on a matter that is material to the case. *People v Castillo*, 230 Mich App 442, 444; 584 NW2d 606 (1998). The demonstrative evidence must be relevant and probative. *Id.* Further, when evidence is offered not in an effort to recreate an event, but as an aid to illustrate an expert's testimony regarding issues related to the event, there need not be an exact replication of the circumstances of the event. *Lopez v Gen Motors Corp*, 224 Mich App 618, 628 n 13; 569 NW2d 861 (1997).

After reviewing the slideshow, we conclude that it simply demonstrated what Dr. DeJong described in her testimony. Defendant did not object to Dr. DeJong's testimony that described in detail the shaken-baby syndrome. The court also clearly advised the jury that the slideshow was a demonstration and not a reenactment of what happened to the victim. The brief slideshow was relevant and probative in refuting defendant's claim that he only "gently" shook the victim. The slideshow was not a reenactment. It illustrated Dr. DeJong's testimony regarding a material issue relating to the case, i.e., whether defendant gently or severely shook the victim. See *Castillo, supra.* Even if we concluded that the admission of

the slideshow was a close evidentiary question, a decision on a close evidentiary question ordinarily cannot be an abuse of discretion. *People v Sabin (After Remand)*, 463 Mich 43, 67; 614 NW2d 888 (2000). Defendant has not shown prejudice to the extent that the outcome of the lower-court proceedings was affected. *Carines, supra* at 763.

Defendant also argues that insufficient evidence was presented to prove beyond a reasonable doubt the necessary element of defendant's intent to commit second-degree murder. We disagree. In reviewing the sufficiency of the evidence, this Court must view the evidence in the light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992). This Court should not interfere with the jury's role of determining the weight of the evidence or the credibility of the witnesses. *Id.* at 514-515.

In *People v Mayhew*, 236 Mich App 112, 125; 600 NW2d 370 (1999), this Court stated with regard to second-degree murder:

> The offense of second-degree murder consists of the following elements: "(1) a death, (2) caused by an act of the defendant, (3) with malice, and (4) without justification or excuse." *People v Goecke*, 457 Mich 442, 463-464; 579 NW2d 868 (1998). . . . The element of malice is defined as "the intent to kill, the intent to cause great bodily harm, or the intent to do an act in wanton and wilful disregard of the likelihood that the natural tendency of such behavior is to cause death or great bodily harm." *Id.* at 464. Malice for second-degree murder can be inferred from evidence that the defendant "intentionally set in motion a force likely to

cause death or great bodily harm." *People v Djordjevic*, 230 Mich App 459, 462; 584 NW2d 610 (1998). The offense of second-degree murder does not require an actual intent to harm or kill, but only the intent to do an act that is in obvious disregard of life-endangering consequences. *Goecke, supra* at 466.

After reviewing the record in this matter, we conclude that sufficient evidence was presented from which the jury could infer that the element of malice was proved. There was ample evidence that cast doubt on defendant's claim that he gently shook the victim two or three times by the shoulders. Medical evidence established that the victim was severely shaken and died from a fatal head injury. The testimony revealed that the victim had suffered numerous bruises during the few weeks that he had resided with defendant, that the defendant had a tendency to play roughly with the victim, that the victim cried and ran away from defendant when he saw him, that the victim was fine before defendant shook him, and that defendant knew that violently shaking an infant could cause great bodily harm. Further, although he was asked, defendant did not reveal to anyone that he had shaken the victim until after he was confronted with autopsy findings that the victim had died from a violent shaking. In addition, defendant and the victim's mother were the only other people present at the time of the victim's injury, and no evidence was presented that the mother was responsible for the victim's death. "Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of a crime." *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993). From the evidence presented in this case, the jury could properly

have concluded that defendant was responsible for the victim's death and that he had the requisite state of mind to justify his conviction of second-degree murder.

We affirm.