# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

SHANE SWINDALL CHAMBERS,

        Defendant-Appellant.

UNPUBLISHED
December 10, 2015

No. 323024
Kent Circuit Court
LC No. 14-000265-FC

Before: OWENS, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of first-degree home invasion, MCL 750.110a(2); assault with intent to do great bodily harm less than murder, MCL 750.84(1)(a); and first-degree criminal sexual conduct (CSC I), MCL 750.520b(1)(f) (force or coercion; personal injury). He was sentenced as an habitual offender, fourth offense, MCL 769.12, to 25 to 50 years' imprisonment for first-degree home invasion, to 10 to 50 years' imprisonment for assault with intent to do great bodily harm less than murder, and to life imprisonment for CSC I. Defendant appeals as of right. Because the trial court did not abuse its discretion by admitting other acts evidence at trial, the evidence was sufficient to support defendant's convictions, and the admission of preliminary examination testimony did not deny defendant his right of confrontation, we affirm.

According to the evidence introduced at trial, the 77-year-old victim, Barbara Andre, was sexually assaulted, beaten, and robbed during a home invasion in the early morning hours of September 19, 2013. Andre, who was asleep on her sofa when the attack began, could not see her assailant, but she testified that, the previous afternoon, a young man driving a light-colored car offered to help her carry some packages into her house. Defendant drove a tan colored Lexus. Further, Andre's snake-skin purse was taken during the home invasion, and a similar purse was later seen in defendant's possession by Stacy Gatlin, Jeff McKee, Markeeta Minor, Ciesha Minor, and Shannon Colvin. Colvin and others helped defendant use credit cards from the purse to purchase gasoline for others in exchange for drugs. Colvin testified that defendant told him that he got the purse by "hitting a lick," which means to "take something, rob, or steal from somebody else." Defendant also told Colvin that "it shouldn't have took me like two or three times to kick in the door," and Andre's front door was damaged during the home invasion.

-1-

After receiving information that the perpetrator of Andre's attack was frequenting McKee's apartment in a tan or brown Lexus, police began to periodically drive pass McKee's apartment and on one such occasion they observed defendant driving the vehicle in question. Police stopped defendant, at which time he fled on foot. When defendant was apprehended, he had Andre's credit card in his possession as well as a credit card belonging to Cathie Nelson. Police also recovered some of Andre's items in the trash outside of McKee's apartment, and police found additional credit cards belonging to Andre in a sewer, where they had been disposed of by Colvin.

Cathie Nelson testified at trial as a MRE 404(b) witness. She explained that, on September 18, 2013, she was moving some items from her home to a storage unit. Defendant, who was Nelson's neighbor at the time, offered to help her move some items, and Nelson declined. Later that day, someone kicked in the sliding doors to Nelson's home and stole items from her house, including credit cards. The prosecution also presented other acts evidence from Joan Schroeder, who testified that, in 2003, when she was approximately 63 years old, she was awakened in her home by a loud noise. Schroeder went to investigate the noise, at which time she was grabbed on the arms by defendant and pushed backwards toward the bed, where defendant then sexually assaulted her. While in her home, defendant told Schroeder that he was attracted to older women. The jury convicted defendant as noted above. He now appeals as of right.

On appeal, defendant first argues that the admission of other acts evidence denied him his constitutional right to a fair trial because such evidence was more prejudicial than probative. In particular, defendant contends that the trial court abused its discretion by admitting testimony from Nelson and Schroeder.

"The admissibility of other acts evidence is within the trial court's discretion and will be reversed on appeal only when there has been a clear abuse of discretion." *People v Waclawski*, 286 Mich App 634, 669-670; 780 NW2d 321 (2009). A trial court's decision is an abuse of discretion "when it chooses an outcome that is outside the range of reasonable and principled outcomes." *Id*. at 670. "When the decision involves a preliminary question of law however, such as whether a rule of evidence precludes admission," our review is de novo. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). Finally, if an error is found, a preserved claim of evidentiary error will not require reversal "unless after an examination of the entire cause, it shall affirmatively appear that it is more probable than not that the error was outcome determinative." *People v Knapp*, 244 Mich App 361, 378; 624 NW2d 227 (2001), quoting *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999).

Under MRE 404(b), evidence of a defendant's crimes, wrongs, or other bad acts is inadmissible to show a defendant's criminal propensity; but, such evidence may be admissible for other purposes, such as proof of identity or to show a common scheme, plan, or system of doing an act. See *Mardlin*, 487 Mich at 614-615. Whether evidence may be admitted under MRE 404(b) requires application of a four-pronged test.

> First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair

prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury. [*People v VanderVliet*, 444 Mich 52, 74-75; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994).]

Under this framework, the prosecutor bears the burden of showing that the evidence is relevant to a proper purpose and is not being offered to prove defendant's character or criminal propensity. *Mardlin*, 487 Mich at 615. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Relevance requires both materiality and probative value. *People v Crawford*, 458 Mich 376, 388; 582 NW2d 785 (1998). Further, "[d]ifferent theories of relevance require different degrees of similarity between past acts and the charged offense to warrant admission." *Mardlin*, 487 Mich at 622.

In this case, on the first day of trial, the trial court noted that Schroeder's testimony and Nelson's testimony was admissible as evidence of identity and to establish a common scheme, plan, or system in doing an act. These are both proper purposes specifically enumerated in MRE 404(b). Further, with respect to materiality, defendant's scheme or plan in carrying out his attack on Andre was relevant to whether the home invasion and sexual assault occurred, meaning that these matters were at issue. See *Crawford*, 458 Mich at 389. With respect to logical relevance, for other acts evidence to be admissible to establish a common scheme, plan, or design, "there must be such a concurrence of common features that the uncharged and charged acts are naturally explained as individual manifestations of a general plan." *Hine*, 467 Mich at 251. "[D]istinctive and unusual features are not required to establish the existence of a common design or plan." *Id.* at 252-253. Rather, the evidence of uncharged acts needs only to support the inference that the defendant employed the common plan in committing the charged offense. *Id.* at 253.

Here, the trial court did not abuse its discretion by finding the assault on Schroeder shared sufficient similarity with the present offense to permit the inference of a common plan, scheme, or system. In both cases, the victim was an older woman, at home alone when the attacks occurred. In both cases, defendant broke into the house at night, while the victim was sleeping and then sexually assaulted the victim. The facts that defendant targeted victims of a certain age and broke into their homes at night, while they slept, to perpetrate a sexual assault demonstrated a concurrence of common features such that the acts are naturally explained as manifestations of the same general plan. Cf. *Knapp*, 244 Mich App at 380 (considering victims' ages and the defendant's isolation of his victims as factors evincing a common scheme or plan). While defendant emphasizes on appeal that Schroeder's assault occurred more than ten years before the attack on Andre, given the similarities between the two events, the remoteness of the past act "affects the weight of the evidence rather than its admissibility." See *People v McGhee*, 268 Mich App 600, 611-612; 709 NW2d 595 (2005). Further, although there were differences between the attacks, most notably in the level of violence suffered by Andre as compared to Schroeder, the other acts need not be identical to the charged conduct to merit admission for purposes of establishing a common scheme, plan, or system. See *People v Sabin (On Remand)*, 463 Mich 43, 67; 614 NW2d 888 (2000); *People v Steele*, 283 Mich App 472, 480; 769 NW2d 256 (2009). At most, these dissimilarities would suggest that the evidentiary question in this case was a close one, and it is well-settled that a trial court's decision regarding a close

evidentiary question cannot ordinarily be considered an abuse of discretion. *Sabin (On Remand)*, 463 Mich at 67. In short, the trial court did not abuse its discretion by determining that Schroeder's testimony in this case was logically relevant to establishing a common scheme, plan, or system.

Likewise, the testimony offered by Nelson established a common scheme, plan or system with respect to the robbery at Nelson's home and the home invasion in this case. That is, in both cases defendant offered to help women carry items to or from their homes. After the women declined defendant's assistance, he returned to their homes, used force to gain entry, and stole items, including credit cards. He then carried these credit cards on his person. Given these similarities, while the circumstances are by no means identical, there is a concurrence of common features such that the acts are naturally explained as manifestations of the same general plan. See *Hine*, 467 Mich at 251.

Although the evidence in question is relevant to a proper purpose, under MRE 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." "MRE 403 does not prohibit prejudicial evidence; only evidence that is *unfairly* so." *People v Feezel*, 486 Mich 184, 198; 783 NW2d 67 (2010) (citation and quotation marks omitted) (emphasis added). Unfair prejudice exists when there is a danger that "*marginally* probative evidence will be given undue or preemptive weight by the jury." *Id.* (citation and quotation marks omitted). "Rule 403 determinations are best left to a contemporaneous assessment of the presentation, credibility, and effect of testimony" by the trial court. *VanderVliet*, 444 Mich at 81.

In this case, Schroeder's testimony giving rise to an inference of a common plan or scheme was highly probative to establishing the CSC I charge, where it was questioned whether a sexual penetration occurred during the assault on Andre. Despite the time between Schroeder's assault and the sexual assault in the present case, the probative value was not substantially outweighed by the danger of unfair prejudice. Cf. *Knapp*, 244 Mich App at 380 (considering 20-year gap between past conduct and charged offense). Nelson's testimony was also highly probative to establishing the home invasion charge. In both instances, defendant offered to help carry items for the victims, came back to the location later on the same day, forced entry and stole items that included a credit card. The probative value of Nelson's testimony was not outweighed by the danger of unfair prejudice. And, any prejudicial effect arising from the other acts evidence was mitigated when the trial court provided a limiting instruction to the jury, prohibiting the jury from using defendant's other acts to conclude that he was "likely to commit crimes" and instructing the jury that they could not convict defendant "because you think he is guilty of other bad conduct." See *People v Orr*, 275 Mich App 587, 593; 739 NW2d 385 (2007). In sum, the trial court did not abuse its discretion by admitting the other acts evidence in question for the purpose of establishing a common scheme, plan, or system.

We note briefly that, even if there were some error in the admission of the evidence in question, defendant is not entitled to relief on appeal given the substantial evidence of defendant's guilt. Defendant had the victim's credit cards when he was arrested; there was testimony that, shortly after the home invasion, defendant was in possession of a purse, which matched the description of the victim's purse; defendant indicated that he got the purse by "hitting a lick;" defendant indicated that it should not have taken him two or three times to kick

in the door in the same conversation that he indicated how he got the purse; and the victim's door was, in fact, found to have been damaged after she reported the crime. There was also evidence that a confidential informant tipped the police that the suspect was inside a particular apartment, and police collected the trash outside that apartment, which contained pieces of paper with the victim's name on it. Even excluding the MRE 404(b) evidence, there was substantial evidence of defendant's guilt and, after an examination of the entire cause, it does not appear more probable than not that any error in the admission of other acts evidence was outcome determinative. See *Knapp*, 244 Mich App at 378. Therefore, defendant is not entitled to relief.[1] See *Lukity*, 460 Mich at 497.

Next, defendant challenges the sufficiency of the evidence supporting his convictions. Specifically, defendant argues that there was insufficient evidence to prove sexual penetration for CSC I. Defendant also argues that there was insufficient evidence to prove his identity with respect to all of his convictions.

We review de novo a defendant's challenge to the sufficiency of the evidence. *People v Harverson*, 291 Mich App 171, 177; 804 NW2d 757 (2010). When considering the sufficiency of the evidence, we view the evidence in a light most favorable to the prosecution to determine "whether a rational trier of fact could find that the evidence proved the essential elements of the crime beyond a reasonable doubt." *Id*. at 175. We will "not interfere with the jury's assessment of the weight and credibility of witnesses or the evidence, and the elements of an offense may be established on the basis of circumstantial evidence and reasonable inferences from the evidence." *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013) (internal citation omitted).

First, with respect to defendant's criminal sexual conduct conviction, MCL 750.530b(1)(f) requires (1) sexual penetration, (2) personal injury to the victim, and (3) force or coercion used to accomplish the sexual penetration. Defendant concedes that Andre suffered injury and that there was clearly force involved. He disputes only whether sexual penetration occurred. MCL 750.520a(r) defines "[s]exual penetration" as "sexual intercourse . . . or any other intrusion, however slight, of any part of a person's body or of any object into the genital or

---

[1] On appeal, when contesting the admission of other acts evidence, defendant makes a one sentence reference to the due process clause and the constitutional right to a fair trial. However, defendant's actual argument is limited to MRE 404(b) and contains no discussion how his right to a fair trial was violated. Thus, this issue is abandoned. See *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004). In any event, defendant failed to object to the admission of other acts evidence on this basis in the trial court, meaning defendant's claim of constitutional error is unpreserved and reviewed for plain error affecting defendant's substantial rights. See *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003). Given that there was no error in the admission of the other acts evidence, it also follows that defendant was not denied a fair trial by the admission of this evidence. See *Steele*, 283 Mich App at 478. And, defendant cannot demonstrate plain error affecting his substantial rights with respect to this constitutional issue because, as explained above, any error was not outcome determinative. See *Bulmer*, 256 Mich App at 35.

anal openings of another person's body, but emission of semen is not required." In this case, viewing the evidence in a light most favorable to the prosecutor, although Andre was beaten unconscious and thus unable to describe the occurrence of penetration, the evidence was nonetheless sufficient to support the inference that penetration occurred. In particular, Andre testified that she was beaten unconscious and that, although she had been wearing underwear prior to the attack, she was missing her underwear when she regained consciousness. She testified that her vaginal area was "extremely sore" and "very raw." The nurse who conducted the victim's examination testified that the victim's genitals were "very swollen." The nurse could barely touch the victim because she was in so much pain and there were abrasions on both sides of the victim's labia. Based on her examination, the nurse opined that the injuries to the victim's vagina were consistent with penetration. Given this evidence, a reasonable juror could infer that a sexual penetration occurred.

Second, with respect to identity, "it is well settled that identity is an element of every offense." *Yost*, 278 Mich App at 356. Here, contrary to defendant's arguments on appeal, the evidence was sufficient to establish defendant's identity as the assailant in this case. For example, following the attack on Andre, shortly after the home invasion, defendant had the victim's credit cards in his possession as well as a purse that resembled the one stolen from Andre. Defendant told Colvin that it should not have taken him two or three kicks to kick in a door, and the door to Andre's home was damaged during the home invasion. There was also evidence that defendant—within the same conversation regarding kicking in a door—stated that he "hit a lick" to get the purse that was in his possession. Defendant drove a tan Lexus, and Andre testified about a young man driving a light colored vehicle who offered to carry her packages for her on the afternoon before the attack. Given this evidence, a reasonable juror could infer that defendant was the individual who committed the first-degree home invasion and who assaulted Andre. See *Dunigan*, 299 Mich App at 582. Thus, viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence for a rational trier of fact to find that defendant's identity was proven beyond a reasonable doubt. See *Harverson*, 291 Mich App at 175.

Finally, defendant next argues on appeal that the admission of three witnesses' preliminary examination testimony was improper under MRE 804 and violated the Confrontation Clause. In particular, defendant asserts that the prosecutor failed to exercise due diligence to procure the testimony of Stacy Gatlin, Markeeta Minor, and Ciesha Minor. Alternatively, defendant maintains that his trial counsel provided ineffective assistance when counsel failed to object to the admission of this hearsay testimony.

Initially, we note that defendant waived any claim of error with respect to the admission of this testimony at trial when his counsel agreed that the prosecutor had made sufficient efforts to secure the witnesses in question. At trial, the trial court asked defense counsel, "[A]re you satisfied that [the prosecution] has made sufficient efforts to secure these witnesses?" Defense counsel responded, "I have no reason not to be satisfied. If somebody doesn't want to be found, they're not going to be found." Given counsel's satisfaction with the efforts undertaken by the prosecution, any claim of error has been waived. See *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011).

To the extent defendant claims counsel provided ineffective assistance of counsel by failing to object to this testimony, defendant's arguments are without merit. The questions presented by a claim of ineffective assistance of counsel are mixed questions of law and fact; findings of fact by the trial court, if any, are reviewed for clear error, and questions of constitutional law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Because no evidentiary hearing was conducted, our review is limited to mistakes apparent on the record. *People v Wilson*, 242 Mich App 350, 352; 619 NW2d 413 (2000).

To establish a claim of ineffective assistance of counsel, a defendant must show that (1) "his attorney's performance fell below an objective standard of reasonableness," and that (2) "this performance so prejudiced him that he was deprived of a fair trial." *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004). In order to establish prejudice, the defendant must establish that there is "a reasonable probability that the outcome would have been different but for counsel's errors." *Id.* at 486. "Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). "Counsel is not ineffective for failing to make a futile objection." *People v Chambers*, 277 Mich App 1, 11; 742 NW2d 610 (2007).

Generally, MRE 802 prohibits the admission of hearsay, which is defined as an out-of-court statement offered to prove the truth of the matter asserted. MRE 801(c); MRE 802. Moreover, the Confrontation Clause "bars the admission of 'testimonial' statements of a witness who did not appear at trial, unless the witness was unavailable to testify and the defendant had a prior opportunity to cross-examine the witness." *People v Walker (On Remand)*, 273 Mich App 56, 60-61; 728 NW2d 902 (2006). However, the former testimony of a declarant, given as a witness at another hearing, is not excluded by the hearsay rule or the Confrontation Clause if the declarant is "unavailable as a witness" at trial and "if the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." *People v Garland*, 286 Mich App 1, 7; 777 NW2d 732 (2009); MRE 804(b)(1). Under MRE 804(a)(5), a declarant is unavailable if the declarant "is absent from the hearing and the proponent of a statement has been unable to procure the declarant's attendance . . . by process or other reasonable means, and in a criminal case, due diligence is shown."

Under this provision, "the prosecution must have made a diligent good-faith effort in its attempt to locate a witness for trial." *People v Bean*, 457 Mich 677, 684; 580 NW2d 390 (1998). This "test is one of reasonableness and depends on the facts and circumstances of each case, i.e., whether diligent good-faith efforts were made to procure the testimony, not whether more stringent efforts would have produced it." *Id.* Generally, a prosecutor must pursue any specific known leads regarding a witness's location, and "where there are no leads as to the witness' whereabouts, the prosecutor should inquire of known persons who might reasonably be expected to have information that would help locate the witness." *People v Conner*, 182 Mich App 674, 681; 452 NW2d 877 (1990). Whether the prosecutor exercised due diligence involves a finding of fact that will not be set aside on appeal absent clear error. *People v Briseno*, 211 Mich App 11, 14; 535 NW2d 559 (1995), citing MCR 2.613.

Here, on the record, the prosecutor explained the steps taken to secure the testimony of the witnesses in question. Defendant did not dispute the veracity of these representations in the trial court and he does not now challenge these representations on appeal. Considering the

uncontested efforts made by the prosecutor, it appears plain that the prosecutor exercised due diligence in attempting to secure the testimony in question and there is no basis on which to conclude that counsel provided ineffective assistance by failing to raise a meritless objection to the admission of this evidence. With respect to Markeeta Minor and Ciesha Minor, the prosecution made numerous visits to their parents' house, information about them was given to road patrol officers, and material witness warrants were obtained. The prosecution noted that it had contact with Markeeta and expected her to appear, but she did not. With respect to Stacy Gatlin, there were numerous visits to her mother's house to acquire information about her whereabouts, road patrol officers who would recognize Gatlin on sight were given information that the prosecution was looking for her, a material witness warrant was issued, and there were visits to her "last couple known addresses." Of note, Gatlin's mother did not even know where Gatlin was. Thus, the prosecution did not have any leads, but it inquired of known persons (i.e., the witnesses' parents and road patrol officers) "who might reasonably be expected to have information that would help locate the witness." *Conner*, 182 Mich App at 681. On this record, the trial court did not clearly err by finding the prosecutor exercised due diligence and, because the trial court's finding of due diligence was not clearly erroneous, the witnesses were "unavailable" under MRE 805(a)(5). Thus, because the witnesses were unavailable, and because their preliminary examination testimony was subject to cross-examination with a similar motive to develop that cross-examination, the witnesses' preliminary examination testimony was admissible under MRE 804 and its admission did not violate the Confrontation Clause. See *Garland*, 286 Mich App at 7.

Given that the evidence was admissible, counsel was not ineffective for failing to raise a futile objection to the admission of the testimony in question. *Chambers*, 277 Mich App at 11. Further, given the other compelling evidence of defendant's guilt, including other witnesses who saw defendant with the snake-skin purse as well as defendant's possession of Andre's credit card at the time of his arrest, defendant has not shown a reasonable probability that any failure by counsel to object to this evidence affected the outcome of the proceedings. See *Grant*, 470 Mich at 486.

Affirmed.

/s/ Donald S. Owens
/s/ William B. Murphy
/s/ Joel P. Hoekstra