*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JACKIE ALVIN BEARDEN, JR.,

        Defendant-Appellant.

UNPUBLISHED
February 18, 2021

No. 350424
Oakland Circuit Court
LC No. 2019-269900-FH

Before: GLEICHER, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of two counts of third-degree criminal sexual conduct (CSC III), MCL 750.520d(1)(d) (victim related to actor by blood or affinity), and one count of fourth-degree criminal sexual conduct (CSC IV), MCL 750.520e(1)(d) (victim related to actor by blood or affinity). Defendant was sentenced to 5 to 15 years of imprisonment for each of his CSC-III convictions, and 1 to 2 years of imprisonment for his CSC-IV conviction. We affirm.

## I. FACTS & PROCEDURAL HISTORY

This case arises out of defendant's sexual assault of his adult daughter, AB, who was living with defendant at the time. AB was in bed when defendant got into the bed next to her, put his arm around her waist, and started rubbing her stomach, legs, thighs, and vagina. Defendant removed AB's shorts and penetrated her vagina with his penis. The next morning, defendant penetrated AB's vagina with his fingers. Then, AB drove defendant to work.

After dropping him off, AB obtained a rape kit and swabs were taken of her neck, breasts, and vagina for DNA analysis. The DNA samples were tested by a forensic biologist, who complied

-1-

a report that found "very strong support"[1] to conclude that defendant's DNA was present on AB's neck and right breast and "very strong support" to conclude that the DNA of another male, DT,[2] was present in those same locations. The report indicated that there were traces of male DNA in AB's vagina, but there was not enough present to identify whose DNA it was.

At trial, defendant moved to admit the entire report into evidence—including the portion indicating that DT's DNA was found on AB. Defendant argued that he wanted use the presence of DT's DNA to show the jury how easily DNA can transfer through nonsexual contact. He reasoned that Michigan's rape-shield statute[3] should not bar the evidence because he was not offering it to prove a specific, prior sexual act occurred. In opposing defendant's motion to admit the full DNA report, the prosecution indicated that AB *had* engaged in sex with DT on or about the date of alleged assault, and she would have testified as such at trial had she been asked.

The trial court denied defendant's motion to admit the DNA report. First, the trial court reasoned that, even if the rape-shield statute would not bar its admission, the fact that DT's DNA was found on AB's body was irrelevant because (1) the defense did not seek to use it to cast doubt on the accuracy of the DNA testing, and (2) the defense did not show how it would be relevant to assessing AB's credibility. Second, the trial court reasoned that even if the evidence were relevant, the danger of misleading the jury substantially outweighed the evidence's probative value, and its admission would be "an obvious invasion of the complaining witness's privacy." Finally, the trial court reasoned that the report was inadmissible hearsay, and the business-records exception would not apply because the report was prepared at the behest of the prosecution. In short, the trial court ruled that because the report was prepared in anticipation of litigation, it lacked the trustworthiness requisite for admission under MRE 803.

The jury convicted defendant of CSC III and CSC IV. Defendant now appeals.

II. ANALYSIS

Defendant argues that the trial court either erred or abused its discretion by excluding the disputed DNA report. In effect, defendant contends, this denied him his due-process right to a fair trial. We disagree in both respects.

Because defendant raised the evidentiary portion of this issue below, that portion of his argument is preserved. See MRE 103(a). But "an objection based on one ground at trial is insufficient to preserve an appellate attack based on a different ground." *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003) (citation omitted). In the trial court, defendant did not raise the due-process argument that he now raises on appeal. Consequently, that portion of the issue is unpreserved.

---

[1] The forensic biologist indicated that "very strong support" is the highest level of certainty that DNA evidence can provide.

[2] AB testified during the preliminary examination that DT was a man she was seeing at that time.

[3] MCL 750.520j.

We review a trial court's decision to exclude evidence for an abuse of discretion. *People v Mardlin*, 487 Mich 609, 614; 790 NW2d 607 (2010). When the trial court's decision involves a preliminary question of law, such as whether a rule of evidence precludes admission, our review is de novo. *Id.* A trial court abuses its discretion when its decision falls outside the range of "reasonable and principled" outcomes, see *People v Orr*, 275 Mich App 587, 589; 739 NW2d 385 (2007), or "makes an error of law in the interpretation of a rule of evidence," *People v Jackson*, 498 Mich 246, 257; 869 NW2d 253 (2015).

On the other hand, an unpreserved constitutional issue is subject to plain-error review. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999). Under plain-error review, reversal is warranted only if the defendant can establish the following: (1) an error occurred; (2) that error was plain; and (3) that error affected the defendant's substantial rights. *Id.* at 763. "The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings." *Id.* If the defendant successfully carries this burden, we should reverse only if "the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error 'seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence.' " *Id.*, quoting *United States v Olano*, 507 US 725, 736-737; 113 S Ct 1770; 123 L Ed 2d 508 (1993) (quotations marks and citation omitted).

Although defendant couches his argument in terms of due process, in substance, his claim is that the trial court committed evidentiary error. Not every trial error is constitutional in nature, merely framing an issue as constitutional does not make it so. *People v Toma*, 462 Mich 281, 296; 613 NW2d 694 (2000); *People v Blackmon*, 280 Mich App 253, 261; 761 NW2d 172 (2008). "Evidentiary errors are nonconstitutional." *Id*. at 259.

Defendant first contends the trial court erred in applying Michigan's rape-shield statute. But, the trial court did not rely on that statute in rendering its disputed evidentiary ruling. Rather, the trial court applied MRE 401, 403, and 802[4] to exclude the DNA evidence at issue. Thus, we reject defendant's claim of error concerning the rape-shield statute.

Additionally, trial court properly applied the relevant evidentiary rules. As a general rule, "relevant evidence is admissible," and "[e]vidence which is not relevant is not admissible." MRE 402. Under MRE 401, evidence is relevant if it has a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." However, under MRE 403, a trial court has the discretion to exclude relevant evidence if its "probative value is substantially outweighed by the danger of undue prejudice . . . misleading the jury . . . or by considerations of [avoiding] needless presentation of cumulative evidence." *People v Blackston*, 481 Mich 451, 461; 751 NW2d 408 (2008), quoting MRE 403.

Defendant contends that the presence of DT's DNA on AB illustrates how easily a person can transfer his or her DNA through nonsexual contact. However, defendant's premise is flawed

---

[4] Notably, defendant does not contest the propriety of the trial court's ruling under MRE 802, and by failing to brief that issue, he has abandoned any claim of error in that regard. See *People v Bass*, 317 Mich App 241, 276; 893 NW2d 140 (2016).

because there is no evidence that DT's DNA transferred to AB through nonsexual contact. In fact, according to the prosecution, AB had sexual contact with DT around the same time that defendant assaulted her. Defendant offers no other theory as to how the presence of another male's DNA on AB made it less likely that he had sexual contact with AB. Thus, the presence of DT's DNA on AB was irrelevant and would have been misleading to the jury. Moreover, the forensic biologist testified that DNA can transfer through even indirect contact, and that she could not say how defendant's DNA ended up on AB. Thus, defendant was able to present his argument through other means and admission of the disputed evidence for defendant's purposes would have been cumulative. Therefore, the trial court properly excluded the evidence under MRE 401 and MRE 403. Moreover, even if exclusion of the evidence was improper, reversal is not warranted because the evidence does not support the conclusion that defendant is actually innocent or that the alleged error seriously affected the fairness, integrity, or public reputation of judicial proceedings. See *Carines*, 460 Mich at 763–764.

Defendant fails to establish that the trial court erred or abused its discretion by excluding the disputed evidence. Therefore, we reject his claim of evidentiary error. And having found no error, it follows that his due-process argument must fail under plain-error review. See *Blackmon*, 280 Mich App at 270 (because there was no evidentiary error by the trial court in excluding portions of the DNA report there could be no constitutional due process violation to "so infect the trial with unfairness" to deny defendant the right to a fair trial).

## III. CONCLUSION

The trial court did not commit error requiring reversal when it excluded from evidence the disputed portions of the DNA analysis report. Accordingly, we affirm.

/s/ Elizabeth L. Gleicher
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan

-4-