*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

UNPUBLISHED
March 24, 2022

v

No. 354247
Saginaw Circuit Court
LC No. 18-045313-FC

TROY LEE WRIGHT,

        Defendant-Appellant.

Before: O'BRIEN, P.J., and STEPHENS and LETICA, JJ.

STEPHENS, J. (*concurring in part, dissenting in part*).

I concur, but disagree with the majority's conclusion that the trial court did not abuse its discretion in admitting the exhibit depicting the "Power and Control Wheel" and respectfully dissent from that portion of the majority's opinion. Even so, I do not believe the error warrants reversal.

"Demonstrative evidence is admissible when it aids the fact-finder in reaching a conclusion on a matter that is material to the case." *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003). As with all evidence, demonstrative evidence must satisfy MRE 401 through 403. *People v Unger*, 278 Mich App 210; 749 NW2d 272 (2008). Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." MRE 401. Relevant evidence is generally admissible, MRE 402, but "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." MRE 403. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998).

The trial court allowed admission of the "Power and Control Wheel" during the expert's testimony, over a defense relevance objection. The expert described how power and control lies at the center of the wheel, and how the spokes—including economic abuse, emotional abuse, using children, and coercion and threats—are common ways batterers maintain power and control over their victims. The expert testified that she had "never" worked with a batterer-victim relationship in which the tactics described in the wheel were not present.

The use of the "Power and Control Wheel" did not have probative value in this case because there was no evidence presented that defendant engaged in economic abuse, emotional abuse, use of any children, or coercion and threats against Valarie Wright,[1] defendant's then-wife. The domestic violence expert never interviewed defendant or Wright, and most of the tactics the expert described to the jury lacked any evidentiary support in the record. The majority identifies several instances it believes show intimidation by defendant against Wright. The majority also notes that the expert witness "never testified that all of the wheel's spokes and elements were necessary components" and that the diagram was simply a "visual aid the expert employed to educate the jury regarding the general dynamics of an abusive relationship." Intimidation is, however, but one spoke of the "Power and Control Wheel," and as the majority recognizes, several of the spokes of the "Power and Control Wheel" do not apply here. I believe the risk of unfair prejudice from the expert's testimony and diagram was high because her testimony about the wheel could have led the jury to infer that defendant had used all of the tactics described there. Therefore, I believe not only was the evidence irrelevant, but the danger of unfair prejudice from admission of the "Power and Control Wheel" substantially outweighed any probative value. Accordingly, I would conclude that the trial court abused its discretion by admitting this evidence.

This error was harmless, however, because it was not outcome-determinative. *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999). There was overwhelming evidence presented at trial that defendant murdered Wright and compelling proof to refute his heat of passion claim. Two weeks before the murder, defendant set up GPS tracking on Wright's car and began searching for the name of the man he suspected she was seeing. Most significantly, about two hours passed between defendant discovering Wright at the motel and returning to the motel to shoot into her room, a significant "cooling off period" that included defendant being pulled over by police officers, who told defendant to leave Wright alone. The strength of this evidence greatly overshadowed the error related to the "Power and Control Wheel." Accordingly, because the error was not outcome determinative, it does not warrant reversal of defendant's convictions.

Defendant also argues that the trial court abused its discretion by admitting evidence of his past infidelity, because the evidence was irrelevant in violation of MRE 401 and misled the jury in violation of MRE 403. I agree .[2]

_____

[1] Defendant and Valarie Wright share the same last name. Wright will refer to Valarie Wright in this opinion.

[2] Defendant objected to the introduction of evidence of his infidelity in a motion in limine. However, the prosecution suggests that defendant abandoned this issue because his brief failed to identify any infidelity evidence presented at trial. See *People v McGraw*, 484 Mich 120, 131 n 36; 771 NW2d 655 (2009) ("Failure to brief an issue on appeal constitutes abandonment."). As defendant noted in his reply brief, defendant's initial brief cited specific testimony about defendant's infidelity in the facts section, but did not repeat the quotation in the argument section. We do not believe that defendant's citation to testimony in the facts section, coupled with an argument section dedicated to the infidelity evidence, constitutes a "failure to brief" the issue. Therefore, defendant did not abandon this issue.

Evidence is relevant when it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable." MRE 401. Relevant evidence is generally admissible, MRE 402, but "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." MRE 403. "Evidence is unfairly prejudicial when there exists a danger that marginally probative evidence will be given undue or preemptive weight by the jury." *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998).

The principle dispute in this case was the defendant's state of mind when he fired the shots into the hotel room window. The prosecution argued that his conduct was second degree murder. The defense theory of the case was that the defendant was guilty lesser offense of voluntary manslaughter. "[T]o show voluntary manslaughter, one must show that the defendant killed in the heat of passion, the passion was caused by adequate provocation, and there was not a lapse of time during which a reasonable person could control his passions." *People v Mendoza*, 468 Mich 527, 535; 664 NW2d 685 (2003).

I, also depart from the majority as to the admission of evidence of infidelity. The trial court admitted evidence of defendant's infidelity on the theory that it was relevant to whether there was adequate provocation for defendant's actions. Defendant's argument at trial was that he was so overwhelmed by passion upon finding his wife at the motel that he "couldn't control himself" when he shot into her room. At best, evidence that defendant had previously cheated on Wright was nominally probative on the issue of provocation. Any such relevancy requires a finding that previous infidelity negates the probability of inflamed passions upon encounter with an unfaithful partner. However, because the reviewing standard is an abuse of discretion, we cannot find that the court erred in finding some probative value in the admission of such evidence.

The error here, however, is the admission of this evidence in light of MRE 403. The evidence of defendant's s infidelity had little to no probative value on his state of mind and risked misleading the jury to disregard the manslaughter defense because of his past behavior. The probative value of the testimony about defendant's infidelity was substantially outweighed by the danger of unfair prejudice or misleading the jury. We note that the prosecution discussed the issue of the defendant's infidelity in both opening statement and closing argument. The only other mention of it was from the detective to whom the defendant admitted his infidelity in a discussion of the defendant's state of mind on the night of the murder. The admission was erroneous. However, this error was not outcome determinative. Given the substantial untainted evidence in this case. Applying the *People v Lukity*, 460 Mich 484, 496; 596 NW2d 607 (1999), it was not outcome determinative. The untainted evidence was that the defendant was aware of Wright's relationship with Moten prior to the shooting, followed her for hours after encountering Wright and Moten at the hotel, went to his home to find a gun and returned hours after the initial encounter and fired shots into the window. At the very least, the element of having no lapse of time between the alleged adequate provocation the shots was negated by uncontested evidence. Accordingly, because the error was not outcome determinative, it does not warrant reversal of defendant's convictions.

/s/ Cynthia Diane Stephens

-3-