*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
December 30, 2024
9:59 AM

Plaintiff-Appellee,

v

No. 366451
Kalamazoo Circuit Court
LC No. 2022-001681-FH

ROBERT LEE STEPHENS,

Defendant-Appellant.

Before: CAMERON, P.J., and K. F. KELLY and GARRETT, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial convictions of domestic violence, MCL 750.81, and reckless driving, MCL 257.626. He was sentenced to incarceration terms of 24 months to 10 years for the domestic violence conviction, and 51 days for the reckless driving conviction. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant and the victim were previously in a dating relationship. This case arises out of defendant's assault of the victim after she returned home to her apartment with her roommate, and defendant's niece, Natonya Smith. After the assault, defendant followed the victim in her vehicle, trying to "tap [her] bumper." The victim reported the assault to a police officer, who interviewed Smith about her observations of the assault and eventually arrested defendant.

The prosecutor endorsed Smith as a witness, but she failed to appear for trial. The prosecutor stated, during his opening statement, that he did not believe one of the three witnesses on his witness list—Smith—would appear, because she was defendant's niece. The prosecutor also explained to the jury that Smith was an eyewitness to the assault, and that she gave a statement to the arresting officer.

The victim and the arresting officer testified at trial. The officer testified that he had interviewed Smith and that Smith's account was consistent with the victim's. The prosecutor

-1-

referenced Smith during closing arguments, while defense counsel lamented about her absence. The jury found defendant guilty and he was sentenced as noted.[1] Defendant now appeals.

## II. CONFRONTATION CLAUSE

Defendant first argues the arresting officer's testimony about Smith's account violated his Sixth Amendment rights under the Confrontation Clause. We disagree.[2]

### A. PRESERVATION AND STANDARD OF REVIEW

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Aldrich*, 246 Mich App 101, 113; 631 NW2d 67 (2001), citing MRE 103(a)(1). Defendant objected to the officer's testimony about Smith's account as hearsay, but made no mention of the Confrontation Clause. Because "an objection based on one ground at trial is insufficient to preserve an attack based on a different ground[,]" *People v Bulmer*, 256 Mich App 33, 35; 662 NW2d 117 (2003), this issue is unpreserved.

"When a party raises a separate argument on appeal than the party raised before the trial court, the party must satisfy the standard for plain-error review." *People v Brown*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 359376); slip op at 2 (citation omitted). "Generally, whether a defendant's right of confrontation has been violated presents a question of constitutional law that the appellate court reviews de novo." *Id*. at ___; slip op at 3. "However, this Court reviews unpreserved issues of constitutional error for plain error affecting a party's substantial rights." *Id*. "An error is plain if it is clear or obvious, and it affects substantial rights if it affected the outcome of the lower court proceedings." *Id*. "Additionally, reversal is only warranted if a defendant has shown actual innocence or that the error seriously affected the fairness, integrity, or public reputation of the proceedings." *Id*.

### B. ANALYSIS

"The United States and Michigan Constitutions protect a defendant's right to confront the witnesses against him." *Brown*, ___ Mich at ___; slip op at 3, citing US Const, Am VI; Const 1963, art 1, § 20. "A primary interest secured by the Confrontation Clause is the right of cross-examination." *Id*. (quotation marks and citation omitted). "Indeed, the right of confrontation insures that the witness testifies under oath at trial, is available for cross-examination, and allows the jury to observe the demeanor of the witness." *Id*. (quotation marks, citation, and alteration

---

[1] He was acquitted of assault by strangulation.

[2] We decline to consider defendant's argument concerning whether the challenged testimony constituted hearsay, because he abandoned it on appeal by failing to include it in his statement of questions presented. *People v Haynes*, 338 Mich App 392, 435 n 5; 980 NW2d 66 (2021). We also decline to consider defendant's truncated, conclusory, single-paragraph ineffective-assistance-of-counsel claim under this issue, because he failed to adequately argue the merits of his challenge and similarly failed to include it in his statement of questions presented. *Id*.; *People v Lopez*, 305 Mich App 686, 694; 854 NW2d 205 (2014).

omitted). "Cross-examination is a valuable right of the accused to expose falsehoods and bring out the truth." *Id.*

We need not consider whether the challenged statements violated the Confrontation Clause because any alleged error was not outcome determinative. *Brown*, ___ Mich App at ___; slip op at 3. The victim testified at length about defendant's assault. While certain inconsistencies were noted for the jury, the victim was consistent that defendant had assaulted her. Thus, the jury was well within reason to find the victim's testimony credible and convict defendant of domestic violence. See *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002) ("[T]he issue of credibility is for the jury to decide and we will not resolve credibility issues anew on appeal.").

### III. PROSECUTORIAL ERROR AND IMPROPER ARGUMENT

Defendant argues the prosecutor erred by: (1) implying that Smith did not testify because of her relation to defendant, (2) stating that Smith's account convinced the arresting officer that the victim's allegations were true, and (3) generally using Smith's account "as substantive evidence to corroborate and bolster the credibility of his complaining witness." Defendant also argues the trial court erred by refusing to provide a curative instruction or declare a mistrial as a result of the prosecutor's errors. We disagree.[3]

### A. PRESERVATION AND STANDARD OF REVIEW

"In order to preserve an issue of prosecutorial [error], a defendant must contemporaneously object and request a curative instruction." *People v Bennett*, 290 Mich App 465, 475; 802 NW2d 627 (2010). Here, defense counsel's objection to the prosecutor's closing argument occurred after closing arguments had completed. Therefore, the objection was untimely. *Id.* Nor did defense counsel request a curative instruction. *Id.* This issue is therefore unpreserved. *Id.* Additionally, we note that defense counsel's specific objection at trial to the prosecutor's closing argument was made on hearsay grounds, not the issues defendant now raises on appeal. Defendant now argues that the prosecutor, in opening statement and closing argument: (1) violated his Confrontation Clause rights by discussing Smith's account and implying she "had also inculpated defendant[;]" (2) improperly implied that Smith failed to appear for trial because of her relation to defendant; (3) "connected an improper call for community outrage to the res gestae witness he failed to produce[;]" (4) claimed that Smith's statement convinced the arresting officer that the victim was telling the truth; (5) allowed the arresting officer to testify that "he had no reason to believe [the victim] was lying and that Ms. Smith's statement was consistent with [the victim's']," but failed to ask "whether he believed either res gestae witness was telling the truth[;]" and (6) used Smith's statement "as substantive evidence to corroborate and bolster the credibility of [the victim]." None of these arguments relate to defense counsel's hearsay objection.

Defendant's claim that the trial court erred by refusing to provide a curative instruction or declare a mistrial is also unpreserved, because defense counsel never sought a curative instruction

---

[3] We again decline to consider defendant's brief, abandoned ineffective-assistance-of-counsel claim as to this issue because it was not included in the statement of questions presented. *Haynes*, 338 Mich App at 435 n 5.

or moved for a mistrial. *People v Heft*, 299 Mich App 69, 78; 829 NW2d 266 (2012) ("A defendant must raise an issue in the trial court to preserve it for our review.").

"Unpreserved issues are reviewed for plain error affecting substantial rights." *Bennett*, 290 Mich App at 475. "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *Id*. at 475-476 (quotation marks and citation omitted).

## B. ANALYSIS

Beginning with defendant's prosecutorial error argument, we note that "[p]rosecutors are typically afforded great latitude regarding their arguments and conduct at trial." *People v Unger*, 278 Mich App 210, 236; 749 NW2d 272 (2008). Prosecutors are "not required to state inferences and conclusions in the blandest possible terms." *Id*. at 239. Issues of prosecutorial error "are decided case by case, and this Court must examine the entire record and evaluate a prosecutor's remarks in context." *People v Dobek*, 274 Mich App 58, 64; 732 NW2d 546 (2007). "A prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *Id*. "Otherwise improper prosecutorial conduct or remarks might not require reversal if they address issues raised by defense counsel." *Id*.

Defendant first challenges a remark by the prosecutor during opening statement alerting the jury that Smith was not going to appear, implying her absence was because she was defendant's niece. According to defendant, this comment improperly suggested "something untoward going on related to [defendant.]" But, other than the reference to their familial relation, the prosecutor did not suggest that defendant was responsible for Smith's nonappearance. Therefore, there is no plain error warranting reversal.

Defendant's next argument centers on the following exchange between the prosecutor and the arresting officer:

*Q*. So you met with a woman who was obviously distraught who described being assaulted by him, is that right?

*A*. That's correct, sir.

*Q*. And then did you meet with an eyewitness that was present during all of this?

*A*. I did, sir.

*Q*. Did you speak with her about what happened?

*A*. I did.

*Q*. Did she say anything that was in difference to what [the victim] said?

*A*. Not at all.

[*Defense Counsel*]: Objection, I think it calls for hearsay. It's certainly implied hearsay and I would object to it.

*The Court*: Overruled.

*Q.* Go ahead. What is your answer?

*A.* Not at all. They were both consistent with one another.

\* \* \*

*Q.* The two statements that the two women gave you, they were consistent, is that right?

*A.* Yes.

*Q.* And those statements involved this man assaulting [the victim]?

*A.* That's correct, sir.

*Q.* Both statements involved this man strangling [the victim]?

*A.* That's correct.

*Q.* And then this man was driving recklessly and you saw that as well?

*A.* I did.

*Q.* And then you arrested him for those offenses?

*A.* That's correct.

Defendant also challenges the prosecutor's statement during closing argument that Smith's account "convinced [the arresting officer] that what [the victim] was saying was entirely true." As noted, a prosecutor "need not confine argument to the blandest possible terms." *Dobek*, 274 Mich App at 66. Additionally, "[a] prosecutor's comments are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *Id*. at 64. Given that the primary defense theory was that the victim's story was incredible, the prosecutor's description of the officer's interpretation of Smith's account was, in context, not unreasonable. Furthermore, the trial court noted it "instructed the jury to rely only on the evidence, [and] that the arguments of the parties are not evidence[.]" Because "jurors are presumed to follow the trial court's instructions," *People v Solmonson*, 261 Mich App 657, 663; 683 NW2d 761 (2004), any potential error did not rise to the level of plain error affecting defendant's substantial rights, *Bennett*, 290 Mich App at 475.

Defendant's third argument, that the prosecutor was generally using Smith's account "as substantive evidence to corroborate and bolster the credibility of his complaining witness[,]" not only fails given the above reasoning, it is also abandoned for failing to adequately argue the merits of the issue. *People v Lopez*, 305 Mich App 686, 694; 854 NW2d 205 (2014).

Lastly, as to defendant's claim that the trial court erred by refusing to provide a curative instruction or declare a mistrial, the record reflects this argument is patently incorrect. Given that defendant never actually requested such relief, his complaint that the trial court erred by "refusing" to do so is without merit.

## IV. MISSING WITNESS INSTRUCTION

Defendant next argues he was denied the right to a properly instructed jury as well as effective assistance of counsel because defense counsel did not request that the trial court provide the jury with a missing witness instruction. We disagree.

## A. PRESERVATION AND STANDARDS OF REVIEW

After the witnesses finished their testimonies, the trial court questioned the attorneys about the proposed final jury instructions and verdict form. Defense counsel confirmed she reviewed the proposed jury instructions and verdict form, and had "no issues other than what [they] talked about yesterday." The trial court then stated: "We did put some things on the record yesterday and those were preserved[,]" before deciding to print and circulate the final jury instructions. Because there is no evidence in the record indicating defendant specifically objected to the proposed jury instructions, this issue is unpreserved for appellate review. *People v Carter*, 462 Mich 206, 216; 612 NW2d 144 (2000). Defendant's ineffective-assistance-of-counsel claim is also unpreserved, because he did not move for a new trial or an evidentiary hearing before the trial court or on appeal. *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020); *Heft*, 299 Mich App at 80.

We review unpreserved jury-instruction challenges for plain error affecting substantial rights. *People v Everett*, 318 Mich App 511, 526-527; 899 NW2d 94 (2017). Review of unpreserved claims of ineffective assistance of counsel "is limited to errors apparent on the record." *Unger*, 278 Mich App at 253.

## B. ANALYSIS

### 1. JURY INSTRUCTIONS

"A criminal defendant is entitled to have a properly instructed jury consider the evidence against him." *Everett*, 318 Mich App at 527 (quotation marks and citation omitted). "[T]he missing witness instruction, M Crim JI 5.12, . . . allow[s] the jury to infer that [the missing witness's] testimony would have been unfavorable to the prosecution's case." *Everett*, 318 Mich App at 527. "A prosecutor who endorses a witness . . . is obliged to exercise due diligence to produce that witness at trial." *People v Eccles*, 260 Mich App 379, 388; 677 NW2d 76 (2004). "A missing witness instruction should be given if the trial court finds a lack of due diligence on the part of the prosecution in seeking to produce an endorsed witness." *Everett*, 318 Mich App at 527.

Defendant argues that the prosecutor failed to exercise due diligence in procuring Smith for trial. While this challenge is abandoned for not being included in defendant's statement of questions presented, *Haynes*, 338 Mich App at 435 n 5, it is necessary to determine whether the trial court should have provided a missing witness instruction. The record has only one reference to the prosecutor's attempts to procure Smith as a witness at an adjourned hearing. At this hearing,

the prosecutor informed the trial court: "I have a material eyewitness that I have not been able to reach. I have been informed that she is unavailable. We have tried to reach out to her today via telephone and her phone does not accept messages and is full." Defendant never challenged the prosecutor's efforts in the trial court, nor did he request a due diligence hearing—which would have examined the prosecutor's efforts to secure Smith as a witness. The record is insufficient to facilitate appellate review on this issue. *People v Giovannini*, 271 Mich App 409, 414-415; 722 NW2d 237 (2006). Therefore, there is insufficient evidence for this Court to determine whether a missing witness instruction should have been given. *Id.*; *Everett*, 318 Mich App at 527 ("A missing witness instruction should be given if the trial court finds a lack of due diligence on the part of the prosecution in seeking to produce an endorsed witness."). Accordingly, there is no plain error warranting reversal. *Everett*, 318 Mich App at 526-527.

## 2. INEFFECTIVE ASSISTANCE OF COUNSEL

"Both the Michigan and the United States Constitutions require that a criminal defendant enjoy the assistance of counsel for his or her defense." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012), citing Const 1963, art 1, § 20; US Const, Am VI. "In order to obtain a new trial, a defendant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *Id.*

As explained, the record is insufficient for this Court to determine whether the missing witness instruction should have been given. There are therefore no errors apparent from the record to support a conclusion that defense counsel was deficient or that the outcome of the trial would have been different but for any alleged deficient performance. *Trakhtenberg*, 493 Mich at 51. Therefore, defendant's ineffective-assistance-of counsel argument is meritless.

## V. CUMULATIVE ERROR

Defendant lastly argues the cumulative effect of the errors he alleges on appeal denied him a fair trial. We disagree.

### A. PRESERVATION AND STANDARD OF REVIEW

Generally, "[a] defendant must raise an issue in the trial court to preserve it for our review." *Heft*, 299 Mich App at 78. Because defendant did not raise a cumulative-error objection in the trial court, this issue is unpreserved. Unpreserved issues are reviewed for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764-765; 597 NW2d 130 (1999).

### B. ANALYSIS

"The cumulative effect of several errors can constitute sufficient prejudice to warrant reversal even when any one of the errors alone would not merit reversal, but the cumulative effect of the errors must undermine the confidence in the reliability of the verdict before a new trial is granted." *Dobek*, 274 Mich App at 106. "In order to reverse on the grounds of cumulative error, the errors at issue must be of consequence." *People v Knapp*, 244 Mich App 361, 388; 624 NW2d 227 (2001). "In other words, the effect of the errors must have been seriously prejudicial in order

to warrant a finding that defendant was denied a fair trial." *Id*. "Absent the establishment of errors, there can be no cumulative effect of errors meriting reversal." *Dobek*, 274 Mich App at 106.

All of defendant's alleged errors pale in comparison to the victim's own testimony, in which she consistently testified that defendant assaulted and choked her. While lacking, the evidence available on appeal demonstrates that a reasonable jury, even with a missing witness instruction or the omission of Smith's account altogether, could find defendant guilty of domestic violence on the basis of the victim's testimony.

Affirmed.


/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly